Filed 10/22/20

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| LEAH B., <br><br> Plaintiff and Appellant, <br><br> v. <br><br> MICHAEL V., <br><br> Defendant and Respondent. | 2d Civil No. B301138 <br> (Super. Ct. No. 56-2019-00531049-CU-HR-VTA) <br> (Ventura County) |

Leah B. appeals the trial court's August 8, 2019 order dismissing, for lack of jurisdiction, appellant's request for a civil harassment restraining order. (Code Civ. Proc., § 527.6.) We affirm. Appellant is not permitted to use the civil harassment order process to collaterally attack a confidential child dependency and adoption proceeding concerning her biological daughter. (Welf. & Inst. Code, § 366.26, subd. (i)(1).)[1]

Appellant's parental rights were terminated in a child dependency proceeding after appellant refused cancer treatment for her daughter and threatened the caregiver and case worker. (*In re G.B.*, Ventura County Sup. Ct. Case No. J071718.) The juvenile court denied appellant's petition to reinstate services, freed the daughter for adoption, and placed

---

[1] All further statutory references are to the Welfare & Institutions Code.

the daughter with a confidential caregiver.  (§ 366.26.)  We affirmed the dependency order in a nonpublished opinion (*In re G.B.* (Aug. 17, 2020, B303318)) and denied appellant's petition for an extraordinary writ.  (*L.B. v. Superior Court* (Sept. 24, 2019, B297489) [nonpub. opn.].)

Appellant tried to intervene in the adoption proceeding by requesting a civil harassment restraining order. Appellant claimed that Michael V., G.B.'s paternal relative, "asked to be [G.B.'s] anonymous . . . caregiver" and "[t]his has caused me to have limited access to my child's medical records . . . ."  Appellant "believe[d] that the current caregivers request to [remain] confidential is actually an attempt to avoid being located and therefore avoid . . . being involved in a lawsuit." The trial court dismissed, with prejudice, the request for a civil harassment restraining order.[2]

*Finality of 366.26 Judgment*

Appellant argues that her rights as victim were not considered and the dismissal, for lack of jurisdiction, is an abuse of discretion.  Section 366.26, subdivision (i)(1) states in pertinent part:  "Any order of the court permanently terminating parental rights under this section shall be conclusive and binding upon the child, upon the parent or parents and, upon all other persons who have been served with citation by publication or otherwise as provided in this chapter."  Section 366.26, subdivision (i) prohibits collateral attacks on dependency orders freeing a child

_____

[2] In her opening brief, appellant states that a second request for a civil harassment restraining order was dismissed June 20, 2019.  (Case No. 56-2019-00529219-CU-HR-VTA.)  She did not appeal the dismissal.

2

for adoption and placing the child with a caregiver pending an adoption. (See *In re Zeth S.* (2003) 31 Cal.4th 396, 413; *In re Meranda P.* (1997) 56 Cal.App.4th 1143, 1161, [§ 366.26, subd. (i)(1) "forbids alteration or revocation of an order terminating parental rights except by means of a direct appeal from the order"]; *Adoption of Alexander S.* (1988) 44 Cal.3d 857, 867-868 [habeas corpus may not be used to collaterally attack a final nonmodifiable judgment in an adoption-related action where the trial court had jurisdiction to render the final judgment].)

Appellant may not use the civil harassment order process to mount a collateral attack on the section 366.26 order terminating parental rights, the selection of a confidential caregiver, or G.B.'s adoptive placement. (See, e.g., *In re Z.S.* (2015) 235 Cal.App.4th 754, 770.) Appellant is no longer the legal mother of G.B. and further attempts to relitigate any claimed parental rights should not, and will not, be considered on the merits.

*Disposition*

The judgment (order dismissing the request for a civil harassment restraining order) is affirmed. Respondent is awarded costs on appeal.

<u>CERTIFIED FOR PUBLICATION.</u>


YEGAN, Acting P. J.

We concur:


PERREN, J.

TANGEMAN, J.

3

Andrew Krause, Temporary Judge

Superior Court County of Ventura

_____

Leah B., in propria persona, for Plaintiff and Appellant.

Ferguson Case Orr Paterson, Leslie A. McAdam and Max R. Engelhardt, for Defendant and Respondent.